NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DUANE L. ADAMS,

  Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

  Defendant-Appellee.

No.    18-35212

D.C. No. 4:17-cv-00012-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted April 15, 2020[**]

Before:    LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Duane L. Adams appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Attmore v. Colvin*, 827

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ's interpretation of the treatment notes of treating physician Dr. Baker was reasonable, and Adams has not demonstrated that Dr. Baker assessed limitations greater than those considered in the ALJ's determination of residual functional capacity. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (we will affirm the ALJ's determination of RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence).

The ALJ gave specific, clear and convincing reasons for discounting Adams's testimony regarding the severity of his symptoms, including that it was not supported by the longitudinal objective medical record, and that Adams's testimony was inconsistent with his reports to medical providers. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contradictory and inconsistent statements to health care providers are clear and convincing reasons for discounting a claimant's symptom testimony).

The ALJ properly gave germane reasons for discounting the opinions of physical therapist Grossman, nurse practitioner Maxwell, and counselor Bottomly.

18-35212

*See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (an ALJ may discount "other source" evidence by offering any reason that is "germane" to the opinion). The ALJ gave minimal weight to all three opinions due to inconsistency with other evidence in the treatment record. *Id.* at 1111-12 (inconsistency with objective evidence is a germane reason).

As to Adams's argument that the hypothetical question posed to the vocational expert did not incorporate all his limitations, the ALJ is not required to incorporate opinion evidence that was permissibly discounted. *See Batson v. Commissioner*, 359 F.3d 1190, 1197 (9th Cir. 2004).

We reject as without merit Adams's contention that the district court violated his equal protection or due process rights in the application of District of Montana Local Rule 78.2(c)(2) concerning briefing requirements.

**AFFIRMED**.